**FILED**

OCT 04 2016

Clerk, U.S. District Court
District Of Montana
Helena

Mark D. Etchart
BROWNING, KALECZYC, BERRY & HOVEN, P.C.
800 North Last Chance Gulch, Suite 101
P.O. Box 1697
Helena, MT 59624
(406) 443-6820 (phone)
(406) 443-6883 (facsimile)
mark@bkbh.com

*Attorneys for Defendant Bank of America, N.A.*

Brian Miller
Scott Peterson
MORRISON, SHERWOOD, WILSON, & DEOLA, PLLP
401 North Last Chance Gulch
Helena, MT 59601
(406) 442-3261 (phone)
(406) 443-7294 (facsimile)
bmiller@mswdlaw.com
speterson@mswdlaw.com

*Attorneys for Plaintiff*

Erika Peterman
RCO LEGAL, P.S.
P.O. Box 294
Missoula, MT 59806
406-493-0360 (phone)
425-974-1463 (facsimile)
epeterman@rcolegal.com

*Attorney for Defendants Rushmore Loan Management Services, LLC and Statebridge Company LLC*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA, HELENA DIVISION**

LAWRENCE BYBEE,
Plaintiff,
vs.

BANK OF AMERICA, N.A.,; RUSHMORE LOAN MANAGEMENT SERVICES, LLC; and STATEBRIDGE COMPANY, LLC,
Defendants.

Case No. 6:14-cv-00064-CCL

**STIPULATED PROTECTIVE ORDER**

Plaintiff Lawrence Bybee and Defendants Bank of America, N.A., Rushmore Loan Management Services, LLC, and Statebridge Company, LLC (individually, a "Party" and collectively, the "Parties"), by and through their counsel of record, hereby stipulate to the entry of the following Stipulated Protective Order ("Order"):

**ORDER**

This Order shall be in effect and govern the designation and handling of documents and information designated as "Confidential" or "Proprietary" by a Party in this case.

1. Certain documents (and related information, materials, documents, and/or records) produced in the course of this action (the "Litigation") may contain sensitive, confidential, proprietary, or secret commercial information not designed or meant for public disclosure or barred from disclosure by law (the "Protected Information"). Such documents or information produced by a Party may be classified as "Confidential" or "Proprietary" by the producing party (the "Designating Party"). This Order shall govern the use and dissemination of all information, documents, or materials that are produced in this Litigation and designated "Confidential" or "Proprietary."

   a. "Confidential" or "Proprietary" documents shall include all documents and copies of such documents which the

Designating Party has designated as "Confidential" or "Proprietary" by marking each page of each document "Confidential" or "Proprietary." The Designating Party may also designate other material, including but not limited to, interrogatory responses, responses to requests for admission, deposition transcripts, deposition videos, information or other written, recorded, or graphic material produced or disclosed in this Litigation as "Confidential" or "Proprietary" and thus bring them within the scope of this Order. In lieu of marking the originals of such documents, any Party may mark the copies of such documents that are produced or exchanged.

b. Any summary, compilation, notes, copy, electronic image, or database containing Protected Information shall be subject to the terms of this Order to the same extent as the material or information from which the summary, compilation, notes, copy electronic image, or database is made or derived.

c. Any inadvertent disclosure shall not be construed as a waiver by the Designating Party of any right to assert the protections of this Order as to that inadvertently disclosed information.

2. Protected Information used in this Litigation may be disclosed only to "Qualified Persons." "Qualified Persons" as used in this Order means:

    a. This Court and its personnel;

    b. Any third party appointed by the Court or retained by the Parties for settlement purposes or resolution of discovery or other disputes and their staff;

    c. Counsel of record for any Party, including partners and associate attorneys assigned to this Litigation, and all paralegals, assistants, stenographic and clerical employees when working under the direct supervision of each such attorney to whom it is necessary that "Confidential" or "Proprietary" information be shown for purposes of the Litigation;

    d. Experts, witnesses, potential witnesses, and mock jurors employed, retained, or consulted by any Party for the purpose of assisting in the preparation for trial or trial of this Litigation;

    e. The named Parties, or a designated representative of a Party, who may be assisted by stenographic and clerical employees under the direct supervision of other Qualified Persons as herein defined; and

f. Court reporters and stenographic reporters engaged in activities necessarily incident to the preparation for trial of the Litigation.

3. All deposition transcripts, including documents marked as exhibits or shown to the deponent or otherwise employed during a deposition, shall be treated as "Confidential" and Protected Information for up to and including thirty (30) days after receipt of the transcript, within which time counsel for any Party may designate a portion or all of the transcript as "Confidential" in writing to all counsel.

4. Unless deemed admissible at the time of trial, any information designated as "Confidential" or "Proprietary" shall not be made available to any persons other than the Court (under seal) and those Qualified Persons listed in Subparagraphs 2.a. through 2.f. above. Qualified Persons who receive "Confidential" or "Proprietary" information shall use it solely for the purpose of this Litigation, and for no other purpose whatsoever.

5. The limitations of this Order shall not apply to any information or document or thing which, at or prior to disclosure thereof in this Litigation, is or was publicly available, or which after disclosure thereof, becomes publicly available other than by act or omission of the Receiving Party or its agents.

6. If the Court orders, or if the Designating Party agrees in writing, access to, or dissemination of, information submitted by the Designating Party as

"Confidential" or "Proprietary" information may be made to persons other than those included in Paragraph 2, but such matter shall only be accessible to, or disseminated to, such person in conformity with the written consent and agreement of the Designating Party or, if pursuant to a court order, based upon the conditions pertaining to, and obligations arising from this Order, and such persons shall be considered subject to it, unless the Court first finds that the information is not "Confidential" or "Proprietary" information as defined in Paragraph 1 hereof.

7. In the event the Party receiving information designated as "Confidential" or "Proprietary" disputes whether the information is properly designated as such, the Receiving Party shall, within sixty (60) days, move for an order designating the information as not "Confidential" or "Proprietary." The Parties shall comply with any ruling thereon. Nothing in this Paragraph 7 shall be construed as shifting the applicable burden of proof for establishing the privilege or protection.

  a. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the Litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original

designation is disclosed.

b.  The Party challenging the confidentiality designation (the "Challenging Party") shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific section of the Order. The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly within fourteen (14) days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. The Designating Party will have 7 days to respond in writing. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating

Party is unwilling to participate in the meet and confer process in a timely manner.

c. The Parties shall attempt to further resolve any such dispute pursuant to the procedure set forth in Local Rule 26.3(c). If the Parties cannot resolve a dispute, the Receiving Party will bear the burden of filing any motion with the Court, within 14 days of the conclusion of the Local Rule 26.3(c) conference(s). Pending resolution by the Parties or by the Court regarding a dispute over a confidentiality designation, the Protected Information will continue to be treated as such.

8. The Parties shall not be precluded by this Order from timely complying with the demand or subpoena of any authority having jurisdiction. The Parties, shall, however, use reasonable, diligent efforts to obtain confidential treatment of any Protected Information disclosed pursuant to this paragraph (or any other applicable provision hereof). The Receiving Party must:

a. Promptly notify in writing the Designating Party and in no event no more than three (3) court days after receiving the subpoena or order. Such notification shall include a copy of the subpoena, court order, or other form of request;

b. Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order;

c. Immediately inform the third party who served the subpoena, court order, or request that the information sought is subject to this Order; and

d. Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Information may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this Litigation as "Confidential" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material—and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Litigation to disobey a lawful directive from another court.

9. No "Confidential" or "Proprietary" documents shall be filed with the Court except under seal, or unless deemed non-Confidential and non-Proprietary in

accordance with the procedure set forth in Paragraph 6 above. If a Party wishes to file a document with the Court under seal, the Party shall comply with the procedures set forth in Local Rule 5.1 for doing so. In the event that any Protected Information is included with, or the contents thereof are in any way disclosed, in any pleading, motion, or other paper filed with the Clerk of this Court, the filing Party shall move to have such pleading, motion, or other paper impounded by the Clerk. Any Protected Information contained in documents thereby impounded shall be held in camera unless the Court orders otherwise, upon good cause shown. If a Party does file such evidence under seal, all papers that refer to or rely upon such evidence shall designate the particular aspects that are confidential.

10. With sole exception of counsel and their employees, each person to whom disclosure of "Confidential" or "Proprietary" information is to be made shall be advised of this Order and shall execute an agreement (the form of which is Exhibit "A" hereto) signed pursuant to the terms of this Order. Each such writing shall be retained by counsel and shall be made available to the other Party upon request following settlement or judgment.

11. At the conclusion of the Litigation, any originals or reproductions of any documents produced by a Party shall be returned to the Designating Party or destroyed within 30 days upon request. Other than attorney work product, any and all copies, analyses, compilations, summaries and extracts in the possession or

control of one Party and "Qualified Persons" associated therewith which reflect or include information derived from documents or testimony designated as "Confidential" or "Proprietary" by the other Party shall be destroyed. "Confidential" or "Proprietary" information contained in attorney work product shall not be disseminated by the attorney, except in compliance with the procedures set forth in this Order.

12. If "Confidential" or "Proprietary" information submitted in accordance with this Order is disclosed to any person other than in the manner authorized by this Order, the Party responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the Designating Party and the Court and, without prejudice to other rights and remedies of the Designating Party, make every effort to prevent further disclosure by it or by the person who was the recipient of such information.

13. The production of any document or information protected by the attorney-client privilege, work product doctrine, and/or any other applicable privilege shall not constitute a waiver of any such privilege or doctrine. Upon receipt of notice of such production from the Designating Party or upon the Receiving Party seeing that such production has been made, the Receiving Party shall, within fourteen (14) days, return all copies of such document(s) (the "Identified Materials") to the Designating Party other than copies containing

attorney's notes or other attorney work product that may have been placed thereon by counsel for the Receiving Party and shall destroy all copies of such documents that contain such notes or other attorney work product. The Identified Materials shall be deleted from any systems used to house the documents, including document review databases, e-rooms and any other location that stores the documents. The Receiving Party may make no use of the Identified Materials during any aspect of this matter or any other matter, including in depositions or at trial, unless the documents are later designated by the Court as not privileged or protected. The contents of the Identified Materials shall not be disclosed to anyone who was not already aware of the contents of them before the notice was made. The Party returning the Identified Materials may move the Court for an order compelling production of some or all of the materials returned or destroyed, but the basis for such a motion may not be the fact or circumstances of the production. This Paragraph 13 does not constitute a concession by any Party that any documents are subject to protection by the attorney-client privilege. This Paragraph 13 also is not intended to waive or limit in any way either Party's right to contest any privilege claims that may be asserted with respect to any of the documents produced except to the extent stated herein.

14. Nothing in this Order shall abridge the right of any person to seek further judicial review or to pursue other appropriate judicial action with respect to

any ruling made by the Court concerning the issue of the status of "Confidential" or "Proprietary" information. Nothing contained herein shall be construed as a waiver of any objections which might be raised as to the admissibility of any evidentiary material at any time during the Litigation, including, but not limited to, at trial.

15. The provisions of this Order shall continue to be binding after the conclusion of the Litigation, except that a Party may seek the written permission of the Designating Party or further order of the Court with respect to dissolution or modifications of the Order which may also be made by any Party at any time during the pendency of this Litigation.

DATED this 23rd day of September, 2016.

BROWNING, KALECZYC, BERRY & HOVEN, P.C.

By: */s/ Mark D. Etchart*
Mark D. Etchart

*Attorneys for Bank of America, N.A.*

MORRISON, SHERWOOD, WILSON & DEOLA

By: */s/ Brian J. Miller* (by consent)
Brian J. Miller

*Attorneys for Plaintiff*

RCO LEGAL, P.S.

By: */s/ Erika R. Peterman* (by consent)
Erika R. Peterman

*Attorney for Rushmore Loan Management Services, LLC and Statebridge Company, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was served upon the following counsel of record, by the means designated below, this 19th day of August, 2016:

[ ] U.S. Mail
[ ] FedEx
[ ] Hand-Delivery
[ ] Facsimile
[ ] Email
[x] ECF Electronic filing

Brian J. Miller
Scott Peterson
Morrison, Sherwood, Wilson, & Deola
401 North Last Chance Gulch
P.O. Box 557
Helena, MT 59601

[ ] U.S. Mail
[ ] FedEx
[ ] Hand-Delivery
[ ] Facsimile
[ ] Email
[x] ECF Electronic filing

Erika R. Peterman
RCO Legal, P.S.
P.O. Box 294
Missoula, MT 59806

*/s/ Mark D. Etchart*
BROWNING, KALECZYC, BERRY & HOVEN P.C.

Bybee v. Bank
p. 15

**ORDER**

Pursuant to stipulation, IT IS SO ORDERED.

DATED: ______________, 2016
10/4/2016

**ATTACHMENT A**

**AGREEMENT TO MAINTAIN CONFIDENTIALITY**

I, ______________ [NAME – PRINT OR TYPE], have been given and read a copy of the Protective Order, dated ___________, 2016, in the matter of *Lawrence Bybee v. Bank of America, N.A. et al.*, United States District Court for the District of Montana, Helena Division, Case No. 6:14-cv-00064-CCL. I understand and will strictly adhere to the contents of said Order. I understand that produced material disclosed to me designated "Confidential" or "Proprietary" is subject to the Order and that I am prohibited from copying, disclosing or otherwise using such material except as provided by said Order. I understand that unauthorized disclosure of the stamped documents marked "Confidential" or "Proprietary" may constitute contempt of court and agree to be subject to personal jurisdiction of this Court for the purpose of enforcing my obligations under this Agreement, the Order, and any contempt proceeding that may be instituted for alleged violation thereof. I understand also that my execution of this Agreement, indicating my agreement to be bound by said Order, is a prerequisite to my review of any produced document and materials designated "Confidential" or "Proprietary."

______________________________
**[NAME – PRINT OR TYPE]**